UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

D-2 Amatullah Alsigar Hakim,
Defendant.

Case No. 26-20306

Hon. Judith E. Levy

**United States' Response and Brief in Opposition to D-2 Amatullah Hakim's Motion to Modify Conditions of Release (ECF No. 147, PageID.756)**

For the reasons stated in the attached brief, the Court should deny the defendant's motion.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

*s/ Margaret M. Smith*
Margaret M. Smith
Robert Kuhn
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
margaret.smith@usdoj.gov

Dated: September 8, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

D-2 Amatullah Alisgar Hakim,
Defendant.

Case No. 26-20306

Hon. Judith E. Levy

---

**United States' Brief in Opposition to D-2 Amatullah Hakim's Motion to Modify Conditions of Release (ECF No. 147, PageID.756)**

---

Amatullah Hakim has been under a pretrial service mandated curfew for only two months. She now seeks to remove this condition, arguing that her compliance so far should merit the decrease in conditions. Hakim misstates the standard to reopen her hearing.[1] She presents no new information to justify reopening the hearing. And her individualized facts warrant continued curfew conditions. This Court should deny her motion.

[1] The United States acknowledges this Court's prior decision regarding the standard for reopening a bond/detention hearing but makes this argument to preserve the record.

## Facts and Procedural History

Amutallah Hakim assisted her sister in orchestrating several long-running conspiracies to threaten administrators, elected officials, and business owners who—at least in the defendants' minds—had financial ties to the State of Israel. Some of her conduct is outlined in the indictment (ECF No. 1), incorporated here in this briefing. Of note, Hakim helped to plan and carry out attacks on family homes and the Jewish Federation of Metropolitan Detroit on the one-year anniversary of the October 7 attacks by Hamas. She and other defendants conspired to commit these crimes while no one was looking, in the cover of night, with hoods and masks. The clandestine and intentional nature of the acts, combined with their added threats on social media, made the attacks all the more threatening and dangerous to this community. It also made the attacks difficult to investigate and determine identity.

Hakim was arrested on July 13, 2026. The next day, the magistrate court released her on bond with conditions that included a GPS tether with curfew. (ECF No. 104, PageID.517). Hakim now seeks to be allowed additional conveniences, though she provides no new, material

information to reopen her bond hearing to modify her conditions. Based on these facts and the law, the Court should deny her motion.

## Argument

Title 18 U.S.C. 3142(f) controls this Court's review of Hakim's motion to modify her bond conditions. A bond hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Hakim asks that the Court modify her terms of pretrial release under 18 U.S.C. § 3142(c)(3). (ECF No. 147, PageID.760). But § 3142(c)(3) does not allow for boundless judicial review. Section 3142(f)(2) is the gatekeeping requirement to modify conditions under § 3142(c)(3). As Judge Berg explained in *United States v. Brannon*, Case No. 25-20560, 2026 WL 661964 (E.D. Mich. March 9, 2026), "courts have *routinely held* that a motion to modify conditions of pretrial release amounts to a motion to reopen the detention hearing[.]" (emphasis added) (citing *United States v. Ebonka*, 733 F.Supp. 3d 967, 969 (D. Nev. 2024) (collecting

cases)); *see also United States v. Mays*, Case No. 23-20521, 2024 WL 2863246 (E.D. Mich. June 6, 2024) (Goldsmith, J.) ("To demonstrate that an amendment to his or her bond conditions is merited, the defendant must comply with 18 U.S.C. § 3142(f)(2)'s requirement."); *United States v. Buford*, Case No. 24-20250, 2024 WL 3262602 (E.D. Mich. July 1, 2024) (Parker, J.) (applying *Mays*). This is the widely adopted position of courts in this district, and for good reason. Otherwise, § 3142(f)(2) becomes meaningless, and a defendant "could file endless petitions to modify his conditions." *United States v. Ross*, Case No. 33-128, 2024 WL 1890087 (E.D. Tenn. April 30, 2024) (*citing United States v. Peguero*, Case No. 21-10, 2021 WL 4811315 (W.D. Ky. Oct. 14, 2021), (collecting cases)).

Of course, a defendant can seek to amend her bond conditions without new evidence, but there is completely separate and specifically designed procedure for that: a motion to appeal bond conditions under 18 U.S.C. § 3145(a). *See Fernandez v. United States*, 146 S. Ct. 1292, 1301 (2026) (explaining that statutes cannot be interpreted to allow parties to "circumvent" and "frustrate" explicit and established statutory processes (collecting caselaw)). Hakim did not file a motion under § 3145(a), and

therefore, she must comply with the established procedural rules for reopening a detention hearing under § 3142(f)(2).

Therefore, Hakim must show two things before this Court can amend her conditions under § 3142(c)(3): (1) new information that was not known to Hakim at the time of the hearing and; (2) that has a material bearing on the issue of flight and dangerousness. *See United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (discussing requirements). She has done neither.

Hakim points to her successful compliance on bond, an unspecified job that "might" require after-hours work, and her desire to spend weekends at her parent's house, unencumbered by having to seek prior permission. But none of those things should move this Court to amend her bond conditions.

If anything, the start of the school year and her new residence in Ann Arbor *increase* Hakim's risk of flight and danger to the community. As noted in the indictment and the government's detention brief (ECF No. 42), Hakim and her conspirators have a history of illegal and aggressive conduct, including University of Michigan police and leaders. They attacked family homes, businesses, and a Jewish association on the

one-year anniversary of the October 7 attack by Hamas. They also conspired to widely circulate their criminal activity on social media, spreading fear and intimidation among their victims and the public at large. They committed these attacks at night with masks and hoods to avoid detection. Amatullah Hakim and her sister Zainab led the charge. They used the family home to store supplies and plan attacks. Further, they used the family car to transport themselves and others to commit self-described illegal "red actions" against their perceived enemies, i.e., "Zionists." Her leadership role is precisely why the magistrate judge ordered a curfew. It is exactly why she should not be free to roam the Eastern District at any time of day or night.

Amatullah Hakim aligned with her sister Zainab and her support for the "movement." Amatullah agreed that, "divestment is def [definitely] the goal but in the sense that it brings about revolutionary change and more activism / it's a means as much as an end." (June 5, 2024). In fact, Amatullah suggested the attacks should be targeted at a broader group of people, including United States Senators. In their view, the ultimate goal of the "movement" is "overthrow and revolution."

Before one of their attacks on a University of Michigan Regent's

business, Amatullah proudly held up her two red painted hands to mimic the bloodied hands of a terrorist who murdered and mutilated two Israeli soldiers at the Ramallah Lynching of 2000.





Amatullah Hakim was heavily involved in drafting statements and organizing individuals for actions. She recruited others, asked for brainstorming sessions for more "autonomous action" ideas, and fully participated in the pro-Hamas activities of the conspiracy.

Hakim presents no basis for this Court to reopen her bond hearing. Her current conditions allow her great latitude to attend to her daily life. No new evidence has been presented to justify reopening her bond hearing or revoking this reasonable condition. Indeed, Hakim does not even attempt to identify any new evidence—let alone new evidence that has a material bearing on his dangerousness and flight risk. The record does demonstrate that Defendant has not violated her pretrial release

conditions, which is what allows Defendant to remain on pretrial release. But compliance with existing conditions of release is expected and, in fact, legally mandated. It does not show that "the conditions in place are not the least restrictive that can be fashioned to address flight risk." *United States v. Ebonka*, 733 F. Supp. 3d 967, 971 (D. Nev. 2024); *United States v. Ross*, Case No. 23-128, 2024 WL 1890087 (E.D. Tenn. Apr. 30, 2024) ("But compliance with conditions of release is *expected* and does not constitute new and material information warranting amendment." (emphasis added) (citing *United States v. Kube*, Case No. 119-00257, 2020 WL 1984178, at *5 (E.D. Cal. Apr. 27, 2020)). If that were true, then a defendant could earn a relaxation of bond conditions simply by mere compliance. "There is not logic to that proposition, and no supporting authority" for it, either. *United States v. Mays*, No. 23-CR-20521, 2024 WL 2863246, at *7 (E.D. Mich. June 6, 2024).

The fact that Hakim appears to have followed court-ordered restrictions during the limited time she has been on pretrial release demonstrates the *effectiveness* and *value* of the conditions, rather than justifying the *removal* of the rules that have so far worked. Hakim has not met the high bar under of presenting information under § 3142(f) that

demonstrates "truly change circumstances, something unexpected, or a significant event." *United States v. Meeks*, Case No. 10-20123, 2011 WL 4407448, at *4 (E.D. Mich. Sep. 22, 2011) (quoting *United States v. Jerdine*, Case No. 08-00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec.18, 2009)).

Hakim also fails to explain why this condition is no longer necessary. She is on curfew, preventing her from roaming the Eastern District of Michigan at night without prior permission—the exact times and circumstances that she attacked, threatened, and intimidated the victims in this case in a masked and covert manner. Given Hakim's history, the pretrial release conditions are warranted.

## Conclusion

The defendant's motion should be denied.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*s/ Margaret M. Smith*
Margaret M. Smith
Robert Kuhn
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
margaret.smith@usdoj.gov

Dated: September 8, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

William Swor,
Attorney for Amatullah Hakim